IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 23-111-GF-BMM-JTJ |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| JACOB EDWIN WILSON, | |
| Defendant. | |

## I. Synopsis

Defendant Matthew Douglas Wilson (Wilson) has been accused of violating the conditions of his supervised release. (Doc. 54). Wilson admitted the alleged violations. Wilson's supervised release should be revoked. Wilson should be sentenced to custody for 4 months, with 20 months of supervised release to follow.

## II. Status

Wilson pleaded guilty on January 8, 2021, to the offense of False Information and Hoaxes, in violation of 18 U.S.C. § 1038(a)(1), (a)(1)(A) as charged in Count 1 of the Indictment. (Doc. 17). The Court sentenced Wilson to custody for 13 months, followed by 3 years of supervised release. (Doc. 25). Wilson's current term of supervised release began on May 27, 2025.

**Petition**

On July 2, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Wilson's supervised release. (Doc. 54). The Petition alleged Wilson violated conditions of his supervised release by: (1) failing to comply with substance abuse testing on June 22, 2025 and June 29, 2025; (2) using methamphetamine on June 23, 2025; (3) consuming alcohol on June 23, 2025; (4) failing to report to his probation officer as directed on July 1, 2025; and (5) failing to comply with substance abuse treatment on July 1, 2025.

**Initial Appearance**

Wilson appeared before the Court on July 16, 2025. Wilson was represented by counsel. Wilson stated that he had read the Petition and that he understood the allegations against him. Wilson waived his right to a preliminary hearing.

**Revocation hearing**

Wilson appeared before the Court on July 16, 2025. The parties consented to proceed with the revocation hearing before the undersigned. Wilson admitted that he had violated the conditions of supervised release as set forth in allegations 1-5 of the Petition. Wilson's admitted violations are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Wilson appeared before the Court on July 16, 2025. Wilson's violations are Grade C. His criminal history category is I. Wilson's underlying offense is a Class D felony. Wilson could be incarcerated for up to 24 months. Wilson could be ordered to remain on supervised release for 24 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.   Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Wilson's supervised release should be revoked. Wilson should be sentenced to custody for 4 months, with 20 months of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV.   Conclusion

The Court informed Wilson that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Wilson of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Wilson that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Wilson waived his right to appeal and allocute before Judge Morris.

The Court **FINDS:**

That JACOB EDWIN has violated the conditions of his supervised release by: (1) failing to comply with substance abuse testing on June 22, 2025 and June 29, 2025; (2) using methamphetamine on June 23, 2025; (3) consuming alcohol on June 23, 2025; (4) failing to report to his probation officer as directed on July 1, 2025; and (5) failing to comply with substance abuse treatment on July 1, 2025.

The Court **RECOMMENDS:**

That the District Court revoke Wilson's supervised release and sentence Wilson to custody for 4 months, with 20 months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 24th day of July 2025.

_____
John Johnston
United States Magistrate Judge