IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CR-23-111-GF-BMM-JTJ |
| v. | FINDINGS AND RECOMMENDATIONS |
| JACOB EDWIN WILSON, | |
| Defendant. | |

## I.      Synopsis

Defendant Jacob Edwin Wilson (Wilson) has been accused of violating the conditions of his supervised release. (Doc. 66). Wilson admitted the alleged violations.  Wilson's supervised release should be revoked. Wilson should be placed in custody for 6 months, with 7 months of supervised release to follow.  During the first 180 days of supervised release, Wilson shall be placed in a residential re-entry center.

## II.      Status

Wilson plead guilty on January 8, 2024 to the offense of False Information and Hoaxes, in violation of 18 U.S.C §§ 1038(a)(11), (a)(1)(A) as charged in Count I of the Indictment. (Doc. 17). Wilson was sentenced to 13 months of custody,

followed by 3 years of supervised release. (Doc 25). Wilson's current term of supervised release began on December 15 , 2025.

**Petition**

On November 28, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Wilson's supervised release. (Doc. 66).   The Petition alleged Wilson violated the conditions of his supervised release by: (1) failing to check in with his probation officer as instructed on November 25, 2025; (2) failing to attend substance abuse treatment on November 25, 2025; and (3) failing to complete intake at Blue Thunder Lodge, a sober living facility, on November 26, 2025, with his whereabouts unknown since that time.

**Initial Appearance**

Wilson appeared before the Court on February 3, 2025. Wilson was represented by counsel.  Wilson stated that he had read the Petition and that he understood the allegations against him.  Wilson waived his right to a preliminary hearing.

**Revocation hearing**

The Court conducted a revocation hearing on February 3, 2025. The parties consented to proceed with the revocation hearing before the undersigned. Wilson admitted that he had violated the conditions of supervised release as set forth as

allegations 1-3 in the Petition. The Court determined that Wilson's admitted violations are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Wilson appeared before the Court on February 3, 2025. Wilson's violations are Grade C. His criminal history category is I. Wilson 's underlying offense is a Class D felony. Wilson could be incarcerated for up to 24 months. Wilson could be ordered to remain on supervised release for 36 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.    Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Wilson's supervised release should be revoked. Wilson should be placed in custody for 6 months, with 7 months of supervised release to follow. During the first 180 days of supervised release, Wilson shall be placed in a residential re-entry center. This sentence is sufficient but not greater than necessary.

### IV.    Conclusion

The Court informed Wilson that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Wilson of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Wilson that Judge Morris would

consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Wilson waived his right to appeal and to allocute before Judge Morris.

The Court **FINDS**:

That   JACOB EDWIN WILSON has violated the conditions of his supervised release by: (1) failing to check in with his probation officer as instructed on November 25, 2025; (2) failing to attend substance abuse treatment on November 25, 2025; and (3) failing to complete intake at Blue Thunder Lodge, a sober living facility, on November 26, 2025, with his whereabouts unknown since that time.

The Court **RECOMMENDS:**

That the District Court revoke Wilson's supervised release and sentence Wilson   to custody for 6 months with 7 months of supervised release to follow. During the first 180 days of supervised release, Wilson shall be placed in a residential re-entry center.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the

district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 4th day of February 2026.

John Johnston
United States Magistrate Judge